IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRISTI J. HARROALD, )
 )
                Plaintiff, )
 )
vs. ) Case No. 10-1281-JAR-KGG
 )
TRIUMPH STRUCTURE-WICHITA, )
INC., *et al.*, )
 )
                Defendants. )
 )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Quash Subpoenas Issued to Plaintiff's Prior Employers and supporting memorandum. (Docs. 42, 43.) Defendants have responded in opposition (Doc. 44) and Plaintiff has replied (Doc. 47). For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff's federal court Complaint brings claims against her employer and supervisor for sexual discrimination, sexual harassment, and battery. (Doc. 1.) Plaintiff's prayer for relief on her harassment claim includes requests for compensatory and punitive damages, equitable relief, costs, attorney's and expert fees. (*Id.*, at 6.) Her prayer for relief on the battery claim includes requests for

1

medical expenses, pain and suffering, costs, and punitive damages. (*Id.*, at 7.)

Defendants Answered, generally denying Plaintiff's allegations of improper workplace activity and raising certain affirmative defenses, including that the alleged incidents were not subjectively offensive to Plaintiff and do not constitute an actionable hostile environment. (Doc. 11, at 10-11.) Defendants also raise the affirmative defense that Plaintiff has not sustained "any legally cognizable damages," and that she failed to mitigate her alleged damages. (Doc. 11, at 11.)

At issue is are third-party subpoenas Defendants served on Plaintiff's former employers seeking

> [a]ll employment records, including but not limited to, personnel files, payroll records, benefit records, applications, evaluations, records and/or notes regarding job interviews, records and/or notes regarding job offers, disciplinary actions, reprimands, investigation files, human resources files, grievance records, supervisor files, labor relations files, correspondence and memoranda, of any type or nature whatsoever within your care, custody or in any manner regardless of origin or creation of said document, that relate to or concern Kristi J. Harroald.

(Doc. 43, at 1.)

## DISCUSSION

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

2

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to a protective order to quash a subpoena must show "good cause" for the request. *Id.*; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), a party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

In addition, Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Plaintiff brings the present motion before the Court arguing that the subpoenas *duces tecum* served on her former employers, discussed *supra*, seek information not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 43, at 2.) She contends that she is making no claim for lost wages or benefits. (*Id.*) Further, she argues that the after-acquired evidence defense, "which arguably could justify such discovery, is logically and legally inapplicable to the claims in this lawsuit." (*Id.*) She also raises the issue of the personal, confidential nature of the information requested. (*Id.*, at 3.) Although the subpoenas were not served on Plaintiff, she has standing to oppose the subpoenas because she "has a personal right or privilege with respect to the subject matter requested in the subpoena." **Hertenstein v. Kimberly Home Health Care, Inc.**, 189 F.R.D. 620, 635 (D.Kan. 1999). The issue before the Court, then, is whether

4

Plaintiff has established "good cause" for quashing the subpoenas.

**A.  Plaintiff's "protected, confidential information."**

Plaintiff contends that discovery of this information from her former employers "would constitute an unnecessary invasion of privacy and personal rights."  (Doc. 43, at 3.)  Considering the Agreed Protective Order entered in this case (Doc. 33), the Court is satisfied that Plaintiff's privacy, confidentiality, and "personal rights" are adequately protected.

**B.  Relevance**.

Plaintiff next argues that her "benefit records, applications, evaluations, records and/or notes regarding job interviews, records and/or notes regarding job offers, disciplinary actions, reprimands, investigation files, human resources files, grievance records, supervisor files, [and] labor relations files are not reasonably calculated to lead to the discovery of admissible evidence" and are, therefore, irrelevant.  (Doc. 43, at 4-5.)  Citing cases from Florida, Indiana, and New York, she contends discovery of the information is impermissible because it would constitute improper character evidence pursuant to Fed.R.Evid. 404 and that the after-acquired defense is inapplicable because she is making no claim for lost wages.  (*Id.*)  The Court does not agree with Plaintiff's position.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding

any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Defendants counter that it has "information demonstrating that Plaintiff was untruthful on her employment application." (Doc. 44, at 4.) As such, Defendants argue that the information requested is relevant because "the possibility and likelihood exists that even more such misrepresentations exist and [Defendant] is

entitled to discover the same to develop evidence and defenses concerning Plaintiff's credibility." (*Id.*) Further, Defendants contend that because of the nature of Plaintiff's harassment and battery claims, "any information contained in [Plaintiff's] personnel files with prior employers regarding information from Plaintiff pertaining to her emotional state, physical abilities and limitations, sickness, injury or other health matters, and other facts are relevant to determining the existence, nature, and extent of the damages Plaintiff alleges she incurred." (*Id.*, at 6.) The Court finds that, given the nature of Plaintiff's claims and the defenses raised by Defendants (including Plaintiff's requests for medical expense as well as pain and suffering), the documents requested in the subpoenas to Plaintiff's former employers meet "the broad and liberal construction afforded by the federal discovery rules," ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670-171 (D.Kan. 2004), and are discoverable.

Plaintiff continues that she "has not and does not dispute that Defendant is not [sic] entitled to discover information relating to Plaintiff's alleged emotional distress damages." (Doc. 47, at 1.) As such, she had agreed to sign authorizations for the release of employment records "relating to illnesses and medical conditions, including bu not limited to FMLA paperwork, work comp claims, and absences due to illness." (*Id.*) Defendants have not, however, agreed to this limitation.

Given Defendants' arguments for the discoverability of the requested information – as well as the protections provided by the parties' Agreed Protective Order – the Court is satisfied that the information sought falls under the liberal definition of "relevance" in the context of federal court discovery.  The Court finds the requests to be more or less standard in the context of employment discrimination claims brought in this District.  As such, Plaintiff's motion (Doc. 42) is **DENIED** and the documents requested in the subpoenas *duces tecum* are to be produced by Plaintiff's former employers.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoenas Issued to Plaintiff's Prior Employers (Doc. 43) is **DENIED**.

Dated at Wichita, Kansas, on this 27th day of May, 2011.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge